1  David J. McGlothlin (SBN 026059)
   david@kazlg.com
2  Ryan L. McBride (SBN 032001)
   ryan@kazlg.com
3  **Kazerouni Law Group, APC**
   301 E. Bethany Home Road, Suite C-195
4  Phoenix, AZ 85012
   Telephone: (800) 400-6808
5  Facsimile: (800) 520-5523

6  Attorney for Plaintiff

7
   **UNITED STATES DISTRICT COURT**
8  **FOR THE DISTRICT OF ARIZONA**

| Kimberly Starling, individually and on behalf of others similarly situated | |
|---|---|
| Plaintiff, | Case No. |
| v. | **COMPLAINT FOR VIOLATIONS OF:** |
| | **1. THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.; AND** |
| | **2. THE TEXAS BUSINESS & COMMERCE CODE § 302.101 ET SEQ.** |
| W Streets LLC and Next Level Mastermind LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, Kimberly Starling ("Plaintiff" or "Ms. Starling"), by and through her attorneys, alleges the following against W Streets LLC ("W Streets") and Next Level Mastermind LLC ("Next Level") (collectively "Defendants"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Business & Commerce Code § 302.101 *et seq.*

# JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants as Defendant Next level Masterminds are headquartered in or have primary places of business in the State of Arizona, and Defendant W Streets LLC conducts business in Arizona in conjunction with Next Level Masterminds, thereby availing itself to this jurisdiction.

4. Upon information and belief, a portion of the calls underlying this litigation originated from the State of Arizona.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

# PARTIES

6. Plaintiff is a natural person who resided at all times relevant in Southlake, Texas.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant W Streets LLC is a business entity with principal place of business, head office, or otherwise valid mailing address at 111 Hunters Glen Drive, Wylie, Texas 75098

9. Defendant Next Level Masterminds is a business entity with principal place of business, head office or otherwise valid mailing address at 1406 West 14th Street, suite 101, Tempe, Arizona 85281-6971.

10. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

11. Upon information and belief, Defendants acted in concert and part of a joint enterprise.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

13. At all times relevant hereto, Ms. Starling owned a personal cell phone, the number for which was (817)-XXX-6140.

14. Plaintiff used this cell phone for primarily residential purposes.

15. Ms. Starling registered her number on the Federal Do-Not-Call Registry around December 31, 2004 in order to obtain solitude from unwanted telemarketing calls and messages.

16. In order to solicit their real estate and asset purchasing business, Defendants engaged in a widescale telemarketing operation, where they left voicemail and SMS text messages to consumers *in masse,* without express written consent.

17. Upon information and belief, Defendants utilized a mechanism or technology that allows them to leave a "ringless" voicemail that delivers a prerecorded message to the recipient's voice mailbox.

18. In order to utilize the ringless voicemail feature, callers dial the same number, from two phones almost instantaneously. That causes the latter-dialed call to terminate directly in the recipient's voicemail, thereby allowing the caller to play its prerecorded message in the recipient's mailbox, without causing the line to ring more than a single time, if at all.

19. The Federal Communication Commission ("FCC") recently adopted a Rule and Order finding that "ringless voicemails'" to wireless phones constitute calls made using an artificial or prerecorded voice, subject to section 227(b)(1)(A)(iii) of the TCPA.[1]

20. Defendants' calls and texts were sent for the purpose of soliciting their homebuying services.

21. Starling did not sign up for Defendants' services and did not advertise or otherwise list her home for sale at any time relevant to this Action.

22. The communications from Defendants were "solicitations" as defined by the TCPA, as they were made in furtherance of Defendant's efforts to generate profit by purchasing homes at a discount in connection with its asset-purchasing business. The FCC has plainly held:

> Therefore, we clarify that a telephone solicitation would include calls by real estate agents to property owners for the purpose of offering their services to the owner, whether the property listing has lapsed or not…

*In Re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* GC Docket No. 02-278, ¶ 15.

23. Prior to Defendants telemarketing campaign, Ms. Starling never provided any consent to Defendants to send her solicitation or telemarketing messages, or any communications using a pre-recorded voice.

24. In December 2020, Defendants commenced their campaign of calls and text messages to Starling, soliciting their homebuying services.

---

[1] See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 (F.C.C. Nov. 14, 2022) (released to public Nov. 21, 2022).

25. In order to confirm the identity of the party calling and texting her, in response to a text message on or around December 18, 2020, Starling engaged with Defendants and feigned interest in their services.

26. However, Ms. Starling on January 8, 2021 and again February 3, 2021 Starling emailed Defendants and advised their telemarketing campaign was unlawful.

27. Accordingly, any consent that Starling could reasonably be said to have given, was clearly and unequivocally revoked in writing on two occasions in early 2021.

28. Likewise, any established business relationship that could reasonably be said to have existed was clearly and unequivocally terminated on those same two occasions.

29. Nonetheless, the solicitation calls and text messages from Defendants to Starling did not cease.

30. Plaintiff further texted Defendants "please take me off your call list" on March 6, 2021.

31. After receiving yet another solicitation message despite that clear instruction, Starling wrote once again "stop" on March 27, 2021. Despite that assurance, the solicitation messages continued.

32. A partial list of the dates and times Defendants left a voicemail or sent text messages for Plaintiff after Starling's clear revocation of any possible consent,[2] follows:

| Date and Time of Call | Caller ID Information |
|---|---|
| January 9, 2021 at 11:49 am (vm) | 972-433-0827 |
| January 21, 2021 at 4:58 pm (text) | 469-336-6138 |

---

[2] Starling does not concede her engagement necessarily constituted "consent." Nonetheless, the underlying calls/texts for which she seeks to recover here are calls/texts after her February 2021 email instructing that the calls/texts were unlawful and unwanted.

| | |
|---|---|
| February 1, 2021 at 3:37 pm (text) | 972-433-0862 |
| February 8, 2021 at 2:43 pm (text) | 972-787-0356 |
| February 14, 2021 at 1:34 pm (vm) | 972-433-0827 |
| February 15, 2021 at 11:29 am (vm) | 972-433-0827 |
| March 26, 2021 at 5:45 pm (vm) | 972-433-0827 |
| March 27, 2021 at 3:36 pm (text) | 972-433-0827 |
| April 15, 2021 at 3:52 pm (vm) | 972-433-0827 |
| June 8, 2021 at 6:43 pm (vm) | 972-433-0827 |
| September 17, 2021 at 3:47 pm (vm) | 972-433-0827 |
| October 9, 2021 at 11:56 am (vm) | 972-433-0827 |
| October 9, 2021 at 12:01 pm (vm) | 972-433-0827 |

33. Defendants knew or should have known its calls were unwanted by Plaintiff's repeated written statements that the calls and messages were unlawful and/or unwanted.

34. Defendants' calls and text messages were bothersome, invasive, disruptive and annoying. Further, those communications invaded upon Starling's privacy.

**Class Allegations**

35. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly

situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

36. Plaintiff seeks to represent the following class:

**227(b) Class:** All persons in the United States to whose cellular telephone numbers Defendants, or someone acting on Defendants' behalf, made a phone call using prerecorded or artificial voice, which was not made with the person's prior express written consent, from four years prior to the date of the filing of the original lawsuit to the date of class certification.

**227(c) Class:** All persons in the United States who from four years prior to the date of the filing of this lawsuit to the date of class certification: (1) received more than one telephone call or text message from Defendants, or someone acting on their behalf during a 12-month period; (2) were registered on the Do Not Call Registry for more than 31 days at the time the calls were received; and (3) which telephone calls were not made with the person's prior express written consent, and with whom Defendants had no prior or existing business relationship, or such relationship had been terminated.

**Texas Class:** All persons with a Texas area code from two years prior to the date of the filing of this Complaint to the date of class certification: (1) received a marketing call or message from Defendants (or someone acting on their behalf); and (2) at such time Defendants not obtained a registration certificate from the Office of the Texas Secretary of State.

37. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

38. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendants' actions. The phone numbers of the members of the proposed class are readily identifiable through records available to Defendants or those acting on its behalf.

39. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

40. On information and belief, Defendants have texted and continue to text people who have requested that Defendants stop calling them, i.e., to be placed on Defendants' internal do not call list. It is reasonable to expect that Defendants will continue to send such text messages absent this lawsuit.

41. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

   a. Whether Defendants' ringless voicemails transmitted to Plaintiff and the putative class members were calls "with a pre-recorded voice" subject to 47 U.S.C. § 227(b);
   b. Whether Defendants' communications were "solicitations" as defined by 47 C.F.R. § 64.1200(c);
   c. Whether Defendants' conduct violates the rules and regulations implementing the TCPA; and,
   d. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendants' conduct.

42. Plaintiff's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

43. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class she seeks to represent. Plaintiff has retained lawyers who

are competent and experienced in class action litigation, TCPA litigation and consumer law.

44. Plaintiff's counsel will vigorously litigate this case as a class action, and Plaintiff and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

45. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

46. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

47. Questions of law and fact, particularly whether the calls/texts are with a "pre-recorded voice", whether calls/texts are "solicitations", whether Defendants' lead source provided valid "consent", predominate over questions affecting only individual members.

48. Defendants acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

# COUNT I

## DEFENDANTS VIOLATED THE TCPA

### 47 U.S.C. § 227(b)(1) (calls with a pre-recorded voice)

49. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

50. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

51. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number where "ringless calls" left unwanted voice mails in Plaintiff's cell phone.

52. Each time Defendants left a prerecorded voice mail marketing their real estate service to Plaintiff.

53. Defendants 'calls were not made for "emergency purposes."

54. Defendants calls to Plaintiff's cellular telephones were without any prior express consent.

55. Defendants acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

56. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

57. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II

## DEFENDANT VIOLATED THE TCPA

## 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c): Federal Do-Not-Call Rules

58. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

59. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

60. Defendants contacted Plaintiff multiple times in 2020 and 2021 despite the fact that Plaintiff has been on the Do Not Call Registry since 2004.

61. Defendants acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

62. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

63. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III

## DEFENDANTS VIOLATED THE TEXAS BUSINESS & COMMERCE CODE SECTION 302.101 *et seq.*

64. Plaintiff Starling incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

65. Plaintiff Starling and the putative Texas Class members received all calls from Defendants and are entitled to relief under Texas law.

66. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

67. Defendants violated Section 302.101 of the Texas Business & Commerce Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff and the putative class members on their Texas area code phone numbers without obtaining a registration certificate from the Office of the Secretary of State.

68. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a penalty of up to $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

69. On information and belief, Defendants have called and continues to place telemarketing calls without first obtaining a registration certificate from the Office of the Secretary of State. It is reasonable to expect that Defendants will continue to make such calls absent this lawsuit.

**Wherefore**, Plaintiff, **Kimberly Starling** respectfully prays for judgment as follows:

## Prayer For Relief

WHEREFORE Plaintiff Kimberly Starling, individually, and on behalf of all others similarly situated, request that the Court:

a. Enter an order pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying the proposed classes, appointing Plaintiff as the class

representative, and Plaintiff's counsel as class counsel;

    b.    Enter judgment in favor of Plaintiff and the 227(b) Class members for all damages and other relief available under the TCPA, including injunctive relief, statutory damages of $500 per violation, and up to $1,500 per violation if Defendants willfully violated the TCPA;

    c.    Enter judgment in favor of Plaintiff and the 227(c) Class members for all damages and other relief available under the TCPA, 47 U.S.C. § 227(c), including injunctive relief, statutory damages of $500 per violation, and up to $1,500 per violation if Defendants willfully violated the TCPA;

    d.    Enter a judgment in favor of Plaintiff and the Classes that enjoins Defendant from violating the TCPA's provisions and regulations;

    g.    Enter judgment in favor of Plaintiff and the Texas Class members for all damages available under the Texas Business & Commerce Code, including statutory damages of $5,000 per violation, costs and expenses in prosecuting the action, and attorneys' fees;

    h.    Award Plaintiff and the Class members such further and other relief the Court deems just and appropriate.

## Demand for Jury Trial

**Please take notice** that Plaintiff, **Kimberly Starling,** demands a jury trial in this case.

Respectfully submitted,

Date: January 4, 2023          By: ***/s/ Ryan L. McBride***
                                              Ryan L. McBride
                                              Attorneys for Plaintiff